NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1486
_____

CHAKA A. MATTHEWS,
                              Appellant

v.

SGT. VILLELLA; C.O. HERBLING; C.O. HIEDI; C.O. EVANS; R.H.U. STAFF, et al.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 08-cv-00964
(Honorable John E. Jones, III)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2010
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges.

(Filed: May 21, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Chaka A. Matthews, proceeding pro se, appeals the order of the District Court

dismissing his civil rights complaint.  For the following reasons, we will affirm in part,

vacate in part, and remand for further proceedings.

Matthews is currently an inmate at the State Correctional Institute ("SCI") at Somerset. He filed suit under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by staff members at SCI Waymart. Matthews alleges that in November 2007, Sergeant Villella struck his handcuffed hands, which were sticking through his cell door slot for unshackling, with a billy club. He further alleges that Corrections Officer Herbling and other unnamed Restricted Housing Unit ("RHU") staff witnessed the incident and failed to intervene or report Villella's actions. Specifically, Matthews alleges that Herbling, upon witnessing the assault, asked Villella, "what are you doing?" In his first amended complaint, filed after the Magistrate Judge's Report and Recommendation, Matthews also alleges that Corrections Officers Hiedi and Evans witnessed the assault and that Evans yelled "one-thousand points for hitting Chaka Khan." He received x-rays and a "buddy wrap,"[1] and asserts that the assault aggravated a pre-existing injury of broken tendons in his hand. He seeks declaratory and injunctive relief, monetary damages, and a number of other creative requests for relief.

The Magistrate Judge recommended that Matthews' claims of excessive force and failure to protect and to intervene against Villella and Herbling proceed. The Magistrate Judge recommended that Matthews' requests for criminal charges against all defendants,

---

[1]A type of splint where an injured finger is taped to an adjoining finger to limit mobility and strain.

for termination of their employment, and for forwarding of their yearly salaries to him be stricken as improper requests for relief. As to Matthews' claims against Hiedi, Evans, and unnamed RHU staff members, the Magistrate Judge recommended that those claims be dismissed without prejudice for failure to state an Eighth Amendment claim and because the complaint lacked sufficient allegations as to each defendant's conduct.

The District Court adopted the Report and Recommendation in part and rejected it in part. The court concluded that Villella's use of force against Matthews was minor, as were Matthews' injuries, and that, therefore, Villella's conduct did not rise to the level of the "malicious" or "sadistic." The court dismissed the failure to protect and to intervene claims against Herbling because Matthews did not suffer serious harm and because he did not show that Herbling was deliberately indifferent to a risk of harm. The court dismissed the case in its entirety. Matthews filed a timely appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court must determine whether the

3

complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.

### A. Claims Against Officer Villella

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8 (1992). When reviewing Eighth Amendment excessive force claims, we must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. Whether the force applied was excessive requires the examination of several factors including:

> (1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 465 U.S. 312, 321 (1986)). Although the extent of an inmate's injuries is relevant to an Eighth Amendment analysis, "there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force." Id. at 104.

4

We find that Matthews has stated a plausible claim for relief by alleging that Villella acted wantonly and maliciously by striking his handcuffed hands with a billy club, without any apparent provocation. Matthews claims that his "smashed" finger required x-rays and a "buddy splint,"and that a pre-existing injury was aggravated. Even if we consider his injuries de minimis, Matthews has alleged the use of wanton, unnecessary force resulting in pain and injury. Accordingly, we will vacate the District Court's order as to this claim and remand for further proceedings.

B. Claims Against Officer Herbling

The District Court interpreted Matthews' claims against Herbling as a failure to protect claim and a failure to intervene claim. To state an Eighth Amendment failure to protect claim, Matthews must allege that he faced "substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). He must also allege that Herbling was deliberately indifferent to that risk. Id. at 838. We agree that Matthews has not met this standard. His alleged injuries do not rise to the level of "serious harm," and he has not alleged a "pervasive risk of harm" from this single incident. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). Moreover, Matthews' account of the alleged events indicates that Herbling was surprised by Villella's actions, and therefore lacked the knowledge to have acted with deliberate indifference.

The District Court also properly dismissed Matthews' failure to intervene claim. An officer is liable for failing to protect an inmate from another officer's use of excessive

5

force "if there is a realistic and reasonable opportunity to intervene." Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002). As the District Court reasoned, even assuming Villella used excessive force, it does not appear that Herbling could have had any opportunity to intervene in Villella's sudden use of force.

### C. Remaining Claims

We agree with the District Court that Matthews' requests for criminal charges to be brought against the defendants, for their termination, and for their salaries to be paid to him are improper requests for relief. We also find that the District Court properly dismissed his claims against unnamed RHU staff members. To the extent that Matthews names Evans and Hiedi as the relevant RHU staff members in his first amended complaint, that claim was also properly dismissed. If construed as a failure to protect or intervene claim, Matthews' claim fails for the same reasons his claim against Herbling fails. He alleges nothing more than that Evans and Hiedi witnessed the alleged assault, and from a greater distance than did Herbling.

### IV.

In sum, Matthews has stated a claim for excessive force against Villella. We thus vacate the District Court's dismissal of that claim and remand for further proceedings. We affirm the remainder of the District Court's order.