GLD-262                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2674
_____

CHAKA A. MATTHEWS,
                                                    Appellant

v.

SGT. VILLELLA; C.O. HERBLING; C.O. HIEDI; C.O. EVANS;
R.H.U. UNIT STAFF, ET AL.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-08-cv-00964)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2011

Before:  AMBRO, CHAGARES AND COWEN, Circuit Judges

(Opinion filed: August 18, 2011)
_____

OPINION
_____

PER CURIAM

        Chaka A. Matthews, proceeding pro se, appeals the order of the District Court

granting the defendants' motion for summary judgment.  Because we conclude that this

appeal presents no substantial question, we will summarily affirm.  See 3d Cir. L.A.R.

27.4; I.O.P. 10.6.

## I.

Matthews is currently an inmate at the State Correctional Institute ("SCI") at Somerset. He filed suit under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by staff members at SCI Waymart. He alleges that in November 2007, defendant Sergeant Villella struck his handcuffed hands, which were sticking through his cell door slot for unshackling, with a billy club. He further alleges that the other defendants witnessed the incident and failed to intervene or report Villella's actions.[1] He received x-rays and a "buddy wrap,"[2] and asserts that the assault aggravated a pre-existing injury of broken tendons in his hand. He seeks declaratory and injunctive relief, monetary damages, and a number of other creative forms of relief.

In June 2008, the Magistrate Judge recommended that Matthews' claims of excessive force and failure to protect or intervene against Villella and Herbling proceed, and that his remaining claims against the other defendants be dismissed. In the meantime, Matthews filed another amended complaint in July 2008. In February 2009, the District Court adopted the Report and Recommendation in part and rejected it in part, and dismissed the case in its entirety. Matthews filed a timely appeal.

---

[1]Specifically, Matthews alleges that defendant Sergeant Herbling, upon witnessing the assault, asked Villella, "what are you doing?" In his first amended complaint, filed after the Magistrate Judge's Report and Recommendation, Matthews also alleges that Corrections Officers Hiedi and Evans witnessed the assault and that Evans yelled "one-thousand points for hitting Chaka Khan."

[2]A type of splint where an injured finger is taped to an adjoining finger to limit mobility and strain.

2

In May 2010, we determined that Matthews had stated a claim for excessive force against Villella, vacated the District Court's dismissal of that claim, and remanded for further proceedings. See Matthews v. Villella, 381 F. App'x. 137 (3d Cir. 2010). We affirmed the remainder of the District Court's order. See id.

In February 2011, Villella filed a motion for summary judgment in which he alleges that Matthews failed to exhaust all of his available administrative remedies. Matthews in turn filed a document titled "dispositive motion." The Magistrate Judge agreed that Matthews had failed to exhaust his Eighth Amendment claim through the prison's final level of review, and recommended that Villella's motion be granted and that the case be closed. The District Court adopted the recommendation, granted summary judgment, and closed the case. Matthews filed a timely appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. In reviewing a District Court's grant of summary judgment, we apply the same test the District Court applied. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(a). The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (quoting Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

3

## III.

The District Court granted summary judgment in favor of Villella after finding that Matthews had failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner, prior to seeking relief in federal court, must properly exhaust all available administrative remedies at the prison. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

Matthews' initial grievance and first level appeal were each timely filed. The Superintendent upheld the denial of grievance on February 28, 2008. Matthews had fifteen days from that date to file his final level appeal, but did not do so until March 20, 2008. That appeal was dismissed as untimely.

Matthews argues that his initial grievance was not properly processed, in that it was not signed, dated, and stamped as received. However, his grievance was indeed processed. As the District Court found, the lack of signatures did not deprive him of access to the administrative process. He also claims that he did timely file his final level appeal because he was not given the "option" to appeal until March 10, 2008, and did not receive notice of the denial of his first appeal until March 19, 2008. However, Matthews wrote a letter dated March 1, 2008 in which he stated that the Grievance Coordinator refused to process his appeal by assigning it a tracking number, and that this frustrated his ability to exhaust his administrative remedies. But, also in that letter, Matthews indicates that he had received the Superintendent's denial of his first appeal. Under the

4

circumstances, we agree that Matthews failed to exhaust his available administrative remedies, and that his Eighth Amendment claim is procedurally defaulted. Accordingly, we agree with the District Court that summary judgment in favor of Villella was warranted.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.